# Exhibit C

# THE CASE IS THE MECHANISM

Why Brewis v. Peterson Farms Fresh Is the Accountability Architecture Nobody Else Has Filed



AEROSWIFT LEGAL- FAFO FILES
JUN 18, 2026

4 1 4 Sh

***Aeroswift Legal Consultants: FAFO FILES***

By Rebekah K. Brewis | Aeroswift Legal Consultants | June 18, 2026




Aeroswift Legal: FAFO FILES is a reader-supported publication. To receive new posts and support my work, consider becoming a free or paid subscriber.

Type your email... Subscribe

Everyone covering the Epstein story is asking the same question: what can actually force accountability? The answers being offered are FOIA requests, PACER searches, and hope that the Maxwell habeas petition reaches discovery Those are paper trails. They create legal clocks. They do not create legal liabili

There is one filed federal action that does. It is *Brewis v. Peterson Farms Fresh LLC, et al.*, No. 1:25-cv-03513, Northern District of Illinois, before Judge Sara L. Ellis.

Here is why this case is structurally different from everything else being discussed, and why survivors and advocates should understand what it make possible.

## The Michigan Convergence

The Michigan geography is not incidental to the Epstein architecture. Two organized crime migration paths converge in the same state.

The Purple Gang ran Detroit's bootlegging operation in the 1920s and 1930s. Th supply chain came through Canada, specifically through the Bronfman family who built the Seagram's fortune on prohibition-era distribution. The Bronfmar line runs forward two ways — Edgar Bronfman Sr. became one of the most powerful figures in institutional philanthropy and business, and Clare and Sar Bronfman were convicted in the NXIVM trafficking case, the only other federa sex trafficking prosecution with a comparable institutional protection architecture.

That is Detroit. The other pole is West Michigan — DeVos, Amway, Varnum LL the Right Place Inc. board where DeWaard sits alongside the Amway CEO, the Van Andel family, and the Kent County administrator. Peterson Farms' $32M expansion was facilitated through this network. The capital trace runs throug MIC Capital Partners III back to Mubadala, the Abu Dhabi sovereign wealth fur

Two pipelines. One from Detroit through Canada through Bronfman. One from Abu Dhabi through Mubadala through West Michigan agriculture. Both

terminating in the same state. Both connected to the same Epstein financial architecture. Both documented in my federal case.

Wexner sits at the convergence. Russian Jewish emigrant parents, Ohio, Epste primary patron from 1987. His own testimony names Élie de Rothschild as the credential. Rothschild and Bronfman and Wasserman and Barr — all from the same Eastern European Jewish financial networks, all converging on the sam individual, all in the documented record.

## DeWaard Is the Node People Miss

Ronald G. DeWaard is Chair of Varnum LLP in Grand Rapids — the DeVos famil law firm — and counsel to my ex-trafficker, the CEO of Peterson Farms Fresh. Peterson Farms is now the UAE's American equity capture vehicle. Mid-litigat of my federal case, Peterson just completed another acquisition — a multi-conglomerate food industry packaging and juice distribution chain, hundreds millions of dollars — while simultaneously pressuring me to settle quick and l The timing is not coincidental. They needed the litigation risk off the books to close the deal and clear legal due diligence for the next phase of merger acquisition. Peterson specializes in portioned meals designed for institutional distribution — schools, corrections, government facilities. This ties directly int America's school nutrition infrastructure.

Before Varnum, DeWaard was an Assistant United States Attorney in Miami, Southern District of Florida, from 1994 to 2001. He served in the Economic Crin Division and rose to Deputy Chief of the Major Crimes Division.

His boss was Guy Lewis. Lewis was U.S. Attorney for the Southern District of Florida from 2000 to 2002. DeWaard reported directly to him.

Guy Lewis then became Jeffrey Epstein's defense attorney. Lewis Tein PL represented Epstein in the 2008 cases. Lewis was on the "dream team" with Dershowitz, Kenneth Starr, and Roy Black — the team that used private investigators to dig up dirt on survivors, their families, and members of the U.S Attorney's own office.

DeWaard took federal prosecution expertise from Guy Lewis's office back to W Michigan. He became Chair of Varnum. He sits on the Right Place Inc. board w the Amway CEO, the Van Andel family, and the Kent County administrator. Th board facilitated Peterson Farms' $32M expansion. The capital trace runs through MIC Capital Partners III back to Mubadala, the Abu Dhabi sovereign wealth fund.

DeWaard's youth organization connections include Camp Henry and Little League. His colleague Brion Doyle sits on the NorthPointe Christian board — th institution connected to the Chad Curtis history. David Mouw is Varnum's fede prosecution declination specialist.

The man trained under the future defense attorney for Jeffrey Epstein now chairs the law firm of the family that bankrolls the Heritage Foundation and Project 2025, in the same West Michigan geography where the trafficking operation in my federal case operated.

## Private Attorney General Authority

When Congress wrote the RICO statute, it understood that organized criminal enterprises would sometimes infiltrate the institutions responsible for prosecuting them. So it created a private right of action under 18 U.S.C. § 1964( Any person injured by a pattern of racketeering activity can sue in federal cou and recover treble damages. The plaintiff does not need a prosecutor. The

plaintiff does not need the Attorney General. The plaintiff IS the attorney gene
for the purpose of that case.

When Congress wrote the Trafficking Victims Protection Act, it created the sa
mechanism under 18 U.S.C. § 1595. Any trafficking victim can bring civil claim
against anyone who knowingly benefited from participation in a venture they
knew or should have known involved trafficking.

Brewis v. Peterson carries both. This means the case does not depend on Todd
Blanche releasing documents. It does not depend on Scott Bessent producing
SARs. It does not depend on any agency that is currently staffed by the same
network it would need to investigate. The private attorney general authority
exists precisely for this situation — when the government is the enterprise.

## The Enterprise Is Pleaded

A RICO case requires identification of an enterprise and a pattern of racketeeri
activity. Brewis v. Peterson identifies both. ***140+ plus named defendants***. The
financial architecture traced from Epstein's $170M through Abu Dhabi sovereig
wealth through Mubadala through MIC Capital Partners III to the Michigan
agricultural operation. The predicate acts include wire fraud, money launderin
obstruction, and trafficking. This is not a lawsuit about one employer. It is a
lawsuit about the architecture.

Every FOIA request being discussed by journalists and advocates is asking the
government to voluntarily produce documents that would expose this
architecture. A RICO case compels production through discovery. Rule 26 and
Rule 34 do not require congressional approval. They do not require a cooperati
Treasury Secretary. They require a federal judge and a filed case. Both exist.

## Beneficiary Liability Under § 1595(a)

Section 1595(a) of the TVPA creates civil liability for anyone who knowingly benefits from participation in a venture involving trafficking. This is beneficia liability — it reaches beyond the direct perpetrators to the financial beneficiari The sovereign wealth entities that capitalized the Michigan agricultural operation through the Mubadala/MIC chain are beneficiaries of a venture with trafficking at its base. The Epstein Estate's $170M in Valar Ventures generates returns structurally connected to the same sovereign wealth apparatus.

This is why the Epstein Estate has been identified as a proposed defendant. No for what Epstein did personally, but for the ongoing financial returns flowing through the architecture he built. Section 1595(a) makes that actionable. No FC request does.

## Class Action Standing

The case has class action certification standing pending reactivation. The clas is trafficking survivors whose claims are being systematically blocked by the same protection architecture. The commonality is the enterprise. The typicalit is the pattern. The adequacy is demonstrated by the fact that this is the only fi federal action tracing the architecture end to end.

If the class is certified, it stops being one survivor's case. It becomes every survivor's case. Every person trafficked through operations capitalized by the same sovereign wealth pipeline. Every person whose claims were blocked by same prosecution declination architecture — the same Varnum LLP, the same DeWaard trained under Guy Lewis, the same Mouw handling federal declinations.

Class certification is the mechanism that transforms individual survival into structural accountability. That is why it has not been recognized. That is why needs to be.

## What This Means for Survivors and Advocates

If you are a survivor, this case creates a vehicle. You do not need to file your ov federal action. Class certification means the case carries your claims if you fal within the class definition.

If you are an advocate or journalist covering the Epstein story, this case is the procedural mechanism you keep saying doesn't exist. It is filed. It has a case number. It has a judge. It has discovery rights that no FOIA request carries. It h treble damages that create financial accountability no congressional hearing c impose.

If you are an attorney considering pro bono or co-counsel involvement, this ca has private attorney general authority, class action potential, a fully mapped defendant architecture with forty-three named defendants, and a pro se plaint with twenty years of federal legal knowledge who built every piece of it alone.

## The Vehicle: Aeroswift Legal Consultants

A pro se plaintiff is powerful but mortal. One person can be exhausted, displac surveilled, pressured to settle. The architecture I am fighting was built to outla individuals. The response has to be institutional.

That is why Aeroswift Legal Consultants is being structured as a series entity formation that allows each litigation track, each class action, each investigati line to operate as its own protected series under a single institutional umbrell

Series formation means the Brewis v. Peterson litigation is not dependent on c person's continued capacity. It means successor counsel, co-counsel, and clas representatives can be brought in under a structure that already holds the cas architecture, the defendant mapping, the evidence preservation, and the investigative journalism platform.

The series structure also holds the intellectual property — the analytical frameworks, the pipeline diagrams, the FAFO Files investigative archive, the bridge tools built to connect survivor testimony to federal court filings. These assets that need institutional protection, not just personal copyright.

Aeroswift is being incorporated in a privacy-optimized jurisdiction with registered agent protections, a clean EIN, and entity-level banking — specifica because the defendant architecture includes financial institutions that have already interfered with my personal accounts. The entity exists to be harder to displace than an individual.

This is succession planning for accountability. If I am pressured out, the entity continues. If the class is certified, the entity administers it. If other survivors need a vehicle to bring their claims into the same architecture, the entity receives them.

## The Architecture Meets Its Match

The case is *Brewis v. Peterson Farms Fresh, LLC, et al.*, No. 1:25-cv-03513. The vehicle is Aeroswift Legal Consultants. The series structure is in implementation. The architecture they built to silence survivors is being met with an architecture designed to outlast them.

— **Rebekah K. Brewis**

*Senior Legal Consultant, Aeroswift Legal Consultants*

*Pro Se Plaintiff, Brewis v. Peterson Farms Fresh, LLC, et al., No. 1:25-cv-03513 (1 Ill.)*

*Beach Press Holdings LLC*

Aeroswift Legal: FAFO FILES is a reader-supported publication. To receive new posts and support my work, consider becoming a free or paid subscriber.

Type your email... Subscribe

4 Likes · 4 Restacks

← Previous Next

## Discussion about this post

Comments Restacks

Write a comment...

elizabeth Johnson Jun 18

Liked by Aeroswift Legal- FAFO Files

Great work.

LIKE (1) REPLY

© 2026 Beach Press Holdings LLC · Privacy · Terms · Collection notice

Substack is the home for great culture